# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

LUCAS ROBINSON,

    Movant,

vs.

UNITED STATES OF AMERICA.

No. 15-CV-45-LRR
No. 12-CR-89-LRR

**ORDER**

_____

*TABLE OF CONTENTS*

*I.    INTRODUCTION AND PROCEDURAL HISTORY* . . . . . . . . . . . . . . . . . *1*

*II.   EVIDENTIARY HEARING AND DISCOVERY* . . . . . . . . . . . . . . . . . . . . *2*

*III.  ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*
    *A.    Separation of Powers* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *5*
    *B.    Circuit Split on "Substantive Reasonableness Review"
           in Child Pornography Cases* . . . . . . . . . . . . . . . . . . . . . . . . *7*
    *C.    Lack of Empirical Support or Lack of Advanced
           Knowledge of Human Behavior* . . . . . . . . . . . . . . . . . . . . . *8*
    *D.    Criminal History Score Calculation* . . . . . . . . . . . . . . . . . . . *9*
    *E.    Personal History* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *10*

*IV.  CERTIFICATE OF APPEALABILITY* . . . . . . . . . . . . . . . . . . . . . . . . . *11*

*V.   CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *13*

## I. INTRODUCTION AND PROCEDURAL HISTORY

    The matter before the court is Lucas Robinson's ("the movant") motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 ("motion") (civil docket no.

6). On May 27, 2015, the movant filed the motion.[1] On July 28, 2015, the court directed the government to brief the claims that the movant included in the motion. *See* July 28, 2015 Order (civil docket no. 7). On August 10, 2015, counsel filed an affidavit. *See* Affidavit (civil docket no. 9). On October 9, 2015, the government filed a resistance to the motion (civil docket no. 10). On October 26, 2015, the movant filed a motion for extension of time to file a brief (civil docket no. 11). On October 27, 2015 the court granted the movant's motion for extension of time to file a brief. *See* October 27, 2015 Order (civil docket no. 12). On October 30, 2015, the movant filed an amended motion for extension of time to file a brief (civil docket no. 13). On November 2, 2015, the court granted the movant's amended motion for extension of time to file a brief (civil docket no. 14). On November 4, 2015, the movant filed a reply (civil docket no. 15). On November 6, 2015, the movant filed a motion to incorporate affidavits (civil docket no. 17). On November 24, 2015, the court granted the motion to incorporate affidavits (civil docket no. 18).

## II. EVIDENTIARY HEARING AND DISCOVERY

A district court has discretion in determining whether to hold an evidentiary hearing on a motion under 28 U.S.C. § 2255. *See United States v. Oldham*, 787 F.2d 454, 457 (8th Cir. 1986). In exercising that discretion, the district court must determine whether the alleged facts, if true, entitle the movant to relief. *See Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996). "Accordingly, [a district court may dismiss a motion brought under 28 U.S.C. § 2255 without an evidentiary] hearing if (1) the [movant's] allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240-41

---

[1] The court notes that counsel repeatedly requested access to the sealed Presentence Investigation Report ("PSIR") in the motion (civil docket no. 6), which was automatically available to counsel upon filing his notice of appearance on behalf of the movant.

(8th Cir. 1995) (citations omitted); *see also Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998) (stating that an evidentiary hearing is unnecessary where allegations, even if true, do not warrant relief or allegations cannot be accepted as true because they are contradicted by the record or lack factual evidence and rely on conclusive statements); *United States v. Hester*, 489 F.2d 48, 50 (8th Cir. 1973) (stating that no evidentiary hearing is necessary where the files and records of the case demonstrate that relief is unavailable or where the motion is based on a question of law). Stated differently, the court can dismiss a 28 U.S.C. § 2255 motion without a hearing where the "files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *accord Standing Bear v. United States*, 68 F.3d 271, 272 (8th Cir. 1995) (per curiam).

Relatedly, "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." Rule 6(a), Rules Governing Section 2255 Proceedings for the United States District Courts. In order to establish "good cause," the movant must demonstrate that the record, supplemented by the discovery requested, may entitle the movant to relief. *See Dyer v. United States*, 23 F.3d 1421, 1424 (8th Cir. 1994) ("We find no abuse of discretion in the district court's denial of [the movant's] motions for discovery because [the movant] did not show how the evidence he sought would establish his innocence."); *see also United States v. Fields*, 761 F.3d 443, 478 (5th Cir. 2014) ("A petitioner demonstrates 'good cause' under Rule 6(a) 'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'" (quoting *Bracy v. Gramley*, 520 U.S. 899, 904 (1997))).

There is no need for an evidentiary hearing or discovery because the facts and legal contentions are adequately presented in the parties' briefs, and neither an evidentiary hearing nor discovery would aid the decisional process. The court is able to resolve all

of the movant's claims from the record. *See Rogers v. United States*, 1 F.3d 697, 699 (8th Cir. 1993) (holding that "[a]ll of the information that the court needed to make its decision with regard to [the movant's] claims was included in the record" and, therefore, the court "was not required to hold an evidentiary hearing" (citing Rule Governing Section 2255 Proceedings 8(a) and *United States v. Raddatz* 447 U.S. 667, 674 (1980))). The evidence of record conclusively demonstrates that the movant is not entitled to the relief sought. Specifically, it indicates that the movant's assertions fail because counsel represented the movant in a manner that comports with constitutional requirements. As such, the court finds no need for an evidentiary hearing or discovery, and the court denies the movant's request for an evidentiary hearing and discovery.

### III. ANALYSIS

The movant asserts five claims to support his contention that the court should vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. The movant alleges that he received ineffective assistance of counsel when counsel failed to: (1) raise a separation of powers argument; (2) argue the existence of a circuit split on "substantive reasonableness review" in child pornography cases; (3) raise the issue of the court's lack of empirical support or lack of advanced knowledge of human behavior on appeal; (4) argue that the movant's criminal history score was miscalculated; and (5) address the movant's personal history at sentencing.

The court concludes that counsel's conduct fell within a wide range of reasonable professional assistance, *Strickland v. Washington*, 466 U.S. 668, 689 (1984), and counsel's performance did not prejudice the movant's defense, *id*. at 692-94. Thus, the movant has failed to establish an ineffective assistance of counsel claim. *See id*. at 687 (holding that, to establish an ineffective assistance of counsel claim, the movant must first "show that counsel's performance was deficient" and then "show that the deficient performance prejudiced the defense"); *see also Morelos v. United States*, 709 F.3d 1246, 1249-50 (8th Cir. 2013) ("To succeed on a claim of ineffective assistance of trial counsel, a defendant

must prove 1) [the defendant's] attorney performance was . . . deficient . . . and 2) [the defendant] suffered such prejudice stemming from the deficient performance there is a reasonable probability the proceeding would have had a different result." (citing *United States v. Taylor*, 258 F.3d 815, 818 (8th Cir. 2001))). The alleged errors that the movant asserts do not warrant relief under 28 U.S.C. § 2255. For the reasons discussed below, the court shall deny the movant's 28 U.S.C. § 2255 motion.

## A. *Separation of Powers*

The movant claims that counsel was ineffective when he failed to set forth a "constitutional separation of powers argument" regarding the United States Sentencing Guidelines ("Guidelines"). Motion at 7-15. The movant states that "[t]his is not a 'typical' 'traditional' or 'general' separation of powers argument." *Id*. at 7. He points out that the "traditional" separation of powers argument, that is, the scope of the authority granted to the United States Sentencing Commission (the "Commission"), has been addressed by the judiciary. He also points out that the Commission was properly delegated legislative authority by Congress with specific and detailed direction. *See United States v. Mistretta,* 488 U.S. 361, 361 (1989) (holding that the Guidelines are constitutional because Congress did not (1) delegate excessive legislative power to the Commission or (2) violate the separation-of-powers principle).

Having described the traditional separation of powers argument, the movant argues that Congress nevertheless violated the separation of powers principle by twice directing the Commission to increase the base offense level for USSG §2G2.1. *See* Motion at 12-13. He states that: (1) the base offense level for sexual exploitation of a minor was originally set at 25, USSG §2G2.1(a) (1987); (2) in 1996, Congress increased the base offense level to 27, USSG §2G2.1(a), Amend. 537; and (3) in 2004, Congress increased the base offense level to 32, USSG §2G2.1(a), Amend. 664. The movant argues that Congress cannot "delegate [the] essential task of formulating [Guidelines] to the

5

[Commission] . . . and then blatantly 'disregard' the Commission and rewrite the [G]uidelines . . . ." Motion at 8.

*Mistretta* makes clear that the Commission has the authority to determine the Guidelines. *See* 488 U.S. at 369. But, *Mistretta* also makes clear that the establishment of the Commission does not detract from Congress's ability to create Guidelines. *See United States v. Rodgers*, 610 F.3d 975, 978 (7th Cir. 2010). In *Rodgers*, the Seventh Circuit Court of Appeals rejected an argument similar to the movant's argument. *See* 610 F.3d at 977. Rodgers "argued that [USSG §2G2.2 was] unconstitutional because it was legislated directly by Congress, rather than promulgated by the [Commission] based on empirical data." *Id*. In denying Rodger's claim, the Seventh Circuit concluded that "the starting point for the *Mistretta* opinion was that Congress could legitimately create sentencing guidelines, just as it creates the statutory maximum and minimum sentences." *Id*. at 978; *see also United States v. LaBonte*, 520 U.S. 751, 757 (1997) (stating that the Commission "must bow to the specific directives of Congress").

Furthermore, in *United States v. Booker*, the Guidelines were made advisory. *See* 543 U.S. 220, 245 (2005) (rendering the Guidelines advisory rather than mandatory). Counsel acknowledges that he did not set forth a separation of powers argument. Nonetheless, he states that even if he "had considered such an argument, [he] likely would have quickly rejected raising it." Affidavit at 2. Counsel states that it is his opinion that "advisory guidelines are less like legislation than mandatory guidelines [and, therefore,] it is even less likely that the Eighth Circuit or the Supreme Court would find that advisory guidelines, even one directed by Congress, would violate separation of powers principles or the nondelegation doctrine." *Id*. Counsel concludes that, "with respect to a Congressionally mandated guideline, Congress, not the sentencing Commission, is the entity exercising legislative power." *Id*.

The court finds that counsel was not deficient in failing to raise a separation of powers argument because such argument has no merit. *See Garrett v. United States*, 78

F.3d 1296, 1305 (8th Cir. 1996) (stating that failure to raise a meritless claim does not constitute ineffective assistance of counsel under *Strickland*). The failure to assert a novel legal argument that is neither supported by Supreme Court precedent nor supported by Eighth Circuit precedent does not establish a violation of the constitutional right to counsel. Moreover, the court correctly applied the Guidelines. Because counsel's performance was not deficient and the movant suffered no prejudice as a result of counsel's representation, the court shall deny the motion with regard to counsel's alleged failure to raise a separation of powers argument.

### B. Circuit Split on "Substantive Reasonableness Review" in Child Pornography Cases

The movant claims that counsel was ineffective because he failed to argue the existence of a circuit split regarding substantive reasonableness review in child pornography cases. Motion at 15. Specifically, the movant asserts that "no effort was made on appeal to address the apparent confusion in the circuit courts over the scope of their mandate to review the substance of sentences." *Id.* The movant argues that certain courts have given lower sentences than the sentencing guidelines advise based on policy disagreements. *Id.* (citing Note, *More Than A Formality: The Case For Meaningful Substantive Reasonableness Review*, 127 Harv. L. Rev. 951, 963-64 (2014)). The Eighth Circuit has held that although a "district court 'may disregard the child pornography sentencing guidelines on policy grounds,' it is 'not required to do so.'" *United States v. Pappas*, 715 F.3d 225, 229 (8th Cir. 2013) (quoting *United States v. Black*, 670 F.3d 877, 882 (8th Cir. 2012)). Counsel filed a petition for a writ of certiorari regarding "whether the Eighth [Circuit] properly applied a presumption of reasonableness." Affidavit at 2-3.

Because counsel filed a petition for a writ of certiorari in which he raised the issue of the appropriateness of the appellate standard that the Eighth Circuit applied, there is no basis to conclude that counsel's appellate assistance fell below constitutional requirements. In addition, the court has no obligation to deviate from the advisory Guidelines for policy

7

reasons. Because counsel's performance was not deficient and the movant suffered no prejudice, the court shall deny the motion with regard to counsel's alleged failure to argue a circuit split.

### C. Lack of Empirical Support or Lack of Advanced Knowledge of Human Behavior

The movant claims that counsel was ineffective because he failed to challenge the court's "lack of empirical support or lack of advanced knowledge of human behavior" in its refusal to depart downward. Motion at 16. The movant asserts "that this sentence would have been found to be substantively unreasonable on appeal, but for facts found by the judge at sentencing." Motion at 16. The movant stated that the court spoke of a prior arrest at sentencing and "[t]his information was clearly erroneous." Reply at 34. The movant argues that counsel "failed to report or correct" the court's "clearly erroneous" interpretation of a prior arrest and that he would have received a lower sentence had counsel intervened. Motion at 34. However, the record proves otherwise.

The movant was arrested on July 19, 2008. PSIR (criminal docket no. 45 ¶¶ 133, 139). The PSIR indicates that the movant was charged with harassment and domestic abuse assault. *Id*. The harassment charge resulted in one criminal history point. PSIR ¶ 133. The domestic abuse assault charge was dismissed and resulted in no criminal history points, even though "[t]he defendant admitted that he caused injuries to his father during the struggle." PSIR ¶ 139. The dismissed assault charge was detailed in the PSIR. *Id*. The court had a description of the incident and did not misinterpret the facts at sentencing.

At sentencing, the court "carefully considered all the statutory factors that apply under 18 U.S.C. § 3553(a)." Transcript (criminal docket no. 62) at 21. The court discussed the movant's age, marital status, education, history of alleged sexual abuse and mental health issues. *Id*. The court rejected the movant's argument that "age and poor judgment" justified a downward departure or downward variance. *Id*.

Counsel opines that "the [court] adequately, and extensively, explained its reasons for the sentence imposed and, thus, no procedural error occurred. While [the] [c]ourt may not have discussed every § 3553(a) factor in detail, [counsel has] no reason to believe that the [c]ourt ignored any relevant factor." Affidavit at 3. The movant argues that the court relied on a prior arrest in reaching its sentence. However, that contention is belied by the record. *See* Motion at 34 (arguing that the court relied on an arrest and citing the court stating "we don't consider arrests . . . when deciding on disposition"). Therefore, the movant has failed to identify facts showing that counsel provided deficient assistance.

In sum, the court finds that counsel did not provide ineffective assistance because the relevant factors under § 3553(a) were considered and the movant's history was discussed. The allegedly erroneous information was correctly reported in the PSIR and had no effect on the movant's criminal history score, and, therefore, the movant's sentence is valid. Because counsel's performance was not deficient and the movant suffered no prejudice, the court shall deny the motion with respect to counsel's alleged failure to raise appropriate challenges.

### *D. Criminal History Score Calculation*

The movant claims that counsel was ineffective when calculating his criminal history score. Motion at 17. The movant had three criminal history points and, hence, a criminal history score of II. *Id*. This was "based on [one] point for a 2008 simple misdemeanor third degree harassment conviction, plus [two] additional points for committing part of the instant offense while on probation for the previous offense, resulting in a criminal history category of II." *Id*. The movant argues that he was discharged from probation before any conduct involved in the current case began and, therefore, he should have a lower criminal history score. *Id*.

The movant's counsel considered the criminal history scoring during his initial legal research. Affidavit at 4. And, the record shows that the movant was still on probation when conduct relating to the instant offense occurred. Indeed, on September 2, 2009, the

9

movant began contact with a victim, *see* PSIR ¶ 28, and the movant's probation was set to expire on September 18, 2009, *id.* ¶ 133. Because the criminal history score was calculated correctly, counsel's choice not to challenge it was not deficient.

Additionally, even if the movant's criminal history point total had been lowered, it would not have altered the advisory sentencing range. *Id.* ¶ 163. The movant received the highest offense level possible, that is, 43.[2] Regardless of whether a defendant had three criminal history points, or only one as the movant argues he should have, a defendant with an offense level of 43 would face life imprisonment absent any statutory maximum. The movant suffered no prejudice because even if the movant's criminal history score was one, the sentencing range under the Guidelines would not have changed.

Because counsel's performance was not deficient and the movant suffered no prejudice, the court shall deny the motion with respect to counsel's alleged failure to challenge the calculation of his criminal history.

### *E. Personal History*

The movant claims that counsel was ineffective when he failed to uncover and present any evidence of the abuse the movant suffered from allegedly being sexually abused by his fourth grade teacher. Motion at 18. In addition, the movant's parents state that they were not allowed to speak to "the person writing the [PSIR] about Robinson's mental health history, prior sexual abuse, and his difficulties in school because he was being tormented by other students, including the use of racial and sexual orientation slurs." *Id.* at 17-18.

Strategic decisions made by trial counsel are "virtually unchallengeable" unless they are based on deficient investigation. *Forsyth v. Ault*, 537 F.3d 887, 892 (8th Cir. 2006) (quoting *Link v. Luebbers*, 469 F.3d 1197, 1204 (8th Cir. 2006)) (holding that defense

---

[2] The movant's total offense level was 52, but the Guidelines provide that in instances where the total offense level is calculated in excess of 43, the total offense level will be treated as a 43. USSG Ch. 5, Pt. A, cmt. n.2.

counsel's failure to present mitigating evidence in the form of psychological testimony during the penalty phase did not deprive petitioner of effective assistance of counsel). Here, there is no indication of a deficient investigation. The PSIR contains detailed information about the movant's mental history and difficulty in school. PSIR ¶¶ 147-151. The movant discussed having "repressed memories of being molested on one occasion by a [fourth] grade teacher." *Id.* ¶ 147. The PSIR notes that the movant attempted suicide on three separate occasions. *Id.* ¶ 148. The PSIR also reflects that the movant had difficulty in school due to racial slurs and that he was diagnosed with depression. *Id.* ¶ 149. Clearly, the aspects of the movant's personal background that he asserts counsel should have established were included in the PSIR, which the court read and considered when arriving at its decisions.

In addition, counsel submitted twenty-eight letters of recommendation in support of the movant. Affidavit at 4. The movant's parents authored a letter to the court with concerns about their son. *See* Letters of Recommendation (criminal docket no. 58) at 2. The movant argues that "[m]any courts have suggested that failure to present any mitigating evidence during the penalty phase of trial creates a presumption that a defendant received ineffective assistance of counsel." Motion at 18. However, counsel presented twenty-eight letters on behalf of the movant. And, the PSIR detailed the movant's personal history. Because counsel did, in fact, present mitigating evidence, the court finds that counsel's performance was not deficient. Accordingly the court shall deny the motion with respect to counsel's alleged failure to raise aspects of his personal history.

## IV. CERTIFICATE OF APPEALABILITY

In a 28 U.S.C. § 2255 proceeding before a district judge, the final order is subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. *See* 28 U.S.C. § 2253(a). "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . ." *See* 28 U.S.C. § 2253(c)(1)(B). A district court possesses the authority to issue certificates of

appealability under 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000) (per curiam); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox*, 133 F.3d at 569 (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)); *see also Miller-El*, 537 U.S. at 335-36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy [28 U.S.C.] § 2253(c) is straightforward: [t]he [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). When a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, the movant must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the court finds that the movant failed to make the requisite "substantial showing" with respect to the claims that he raised in his 28 U.S.C. § 2255 motion. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Because he does not present a question of substance for appellate review, there is no reason to grant a certificate of appealability. Accordingly, a certificate of appealability shall be denied. If he desires further review of his 28 U.S.C. § 2255 motion, the movant

may request issuance of the certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman*, 122 F.3d at 520-22.

## V. CONCLUSION

The court has thoroughly reviewed the record and finds that the denial of the motion comports with the Constitution, results in no "miscarriage of justice" and is consistent with the "rudimentary demands of fair procedure." *Hill v. United States,* 368 U.S. 424, 428 (1962); *see also United States v. Apfel,* 97 F.3d 1074, 1076 (8th Cir. 1996) ("Relief under 28 U.S.C § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." (citing *Poor Thunder v. United States,* 810 F.2d 817, 821 (8th Cir. 1987)). In light of the record, it is clear that the court's application of the advisory Guidelines, consideration of the parties' sentencing arguments and application of the sentencing factors under 18 U.S.C. § 3553(a) violated no constitutional right. *See United States v. Villareal-Amarillas*, 562 F.3d 892, 898 (8th Cir. 2009) (observing that a sentencing judge is only constrained by the statutory maximum and minimum for an offense and the factors included in 18 U.S.C. § 3553(a)). Nothing restricted the court's discretion during the sentencing hearing, and the sentence that the movant received is reasonable and appropriate. The movant's claims do not justify relief.

**IT IS THEREFORE ORDERED**:

(1) The movant's 28 U.S.C. § 2255 motion (civil docket no. 6) is **DENIED**.

(2) A certificate of appealability is **DENIED**.

**DATED** this 11th day of August, 2016.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA